Oscar W. RICKETTS, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.

No. 89–1998.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1989.

Decided May 2, 1990.

---

Frederick S. Spencer, Mountain Home, Ark., for appellant.

Cynthia A. Viol, Dallas, Tex., for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

HEANEY, Senior Circuit Judge.

Oscar W. Ricketts appeals from the district court's grant of summary judgment affirming the Secretary of Health and Human Services' denial of Ricketts' claims for Social Security disability insurance benefits and Supplemental Security Income (SSI). We reverse and remand.

## BACKGROUND

Ricketts, 48, claims disability based on a knee impairment, hearing loss, arthritis, and illiteracy. Ricketts has an IQ of 74 and a third grade education. He has worked as a truck driver, an auto mechanic, and an elevator operator. Ricketts' applications for disability benefits and SSI were denied through the reconsideration level, and he received a hearing before an administrative law judge (ALJ). The ALJ found Ricketts not to be disabled because he concluded that Ricketts could return to his past relevant work as an elevator operator.

Medical records indicate that Ricketts broke his right knee in an auto accident about twenty years ago, at which time he had surgery. The knee continued to give him pain and he had the kneecap removed in 1984. James Smith, M.D., who examined Ricketts for the Social Security Administration in 1987, noted that Ricketts could not fully flex or extend his right leg, walk on his heel and toes, or squat because of the missing kneecap. X-rays indicated mild degenerative changes and possible early arthritis in the right knee. Ricketts testified at the hearing that his right leg gives out frequently, causing him to fall, and that he started walking with a cane to prevent falling. He cannot run or climb stairs. Ricketts' wife corroborated this testimony.

Ricketts also testified that he has constant ringing in his ears resulting from an accident in which he was electrocuted while installing a television antenna. Medication has not diminished the ringing in his ears, and he has tried a hearing aid without success. The Hearing Aid Center of Heber Springs, Arkansas submitted a report indicating that Ricketts has a sensorineural hearing loss of 71% in his right ear and a mixed loss of 75%, 50% of which is nerve loss, in his left ear. Dr. Smith reported that Ricketts' hearing appeared normal and that he could answer questions the doctor posed to him while his back was turned. Smith performed no hearing tests on Ricketts, however. Ricketts' wife testified that

he has trouble hearing the television and cannot hear conversations while driving.

Ricketts also testified that he has constant pain in his left wrist. He takes four to six aspirin or acetaminophen tablets per day, and Clinoril, an anti-inflammatory for arthritis, twice a day. His daily activities consist primarily of sitting in a chair watching television. He drives his wife to work and picks her up, visits his sister once or twice a week, and goes to the grocery store occasionally.

The ALJ found that Ricketts could perform his past work as an elevator operator and that his missing kneecap would not prevent him from doing "a reasonable amount of standing or walking." The ALJ found Ricketts' complaints of pain only partially credible because he takes only mild pain medication and concluded that Ricketts' daily activities suggest he can perform a full range of light work. The ALJ also noted that a job as an elevator operator would not require perfect hearing and concluded that Ricketts' low IQ scores might have been caused by his educational deprivation. Consequently, the ALJ found Ricketts not disabled. Ricketts filed an action for judicial review and the district court granted summary judgment to the Secretary.

## DISCUSSION

Our task on review is to determine whether substantial evidence in the record as a whole supports the Secretary's conclusion that Ricketts can perform his past work as an elevator operator. *See Chapman v. Bowen,* 810 F.2d 151, 152 (8th Cir.1986). The ALJ determined that Ricketts' hearing impairment, borderline intelligence, and loss of one kneecap would not prevent him from engaging in the tasks required to run an elevator. The ALJ also found Ricketts' daily activities consistent with an ability to perform a full range of light work. Ricketts claims that because the ALJ erred in discrediting his subjective complaints, the conclusion that he can return to his past work is incorrect.

■ The ALJ found that Ricketts' subjective complaints were not fully credible because of his daily activities and his failure to take strong pain medication. An ALJ may discredit subjective complaints of pain only if they are inconsistent with the record as a whole. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984) (subsequent history omitted).

■ Ricketts testified that he spends most of his day watching television. He drives his wife to and from work and occasionally goes to the grocery store, carries out trash, and mows his lawn. The ALJ found that Ricketts' daily activities indicate an ability to perform a full range of light work. The record does not support this conclusion. Light work may require a good deal of walking and standing, lifting of up to twenty pounds, and frequent lifting of ten pounds. 20 C.F.R. § 404.1567(b) (1989). To be considered capable of a full range of light work, a claimant must be able to perform substantially all these activities. *Id.* Ricketts' ability to carry out trash occasionally or to spend one hour mowing his lawn is not substantial evidence that he can spend much of an eight-hour work day walking or standing. This court often has noted that an ability to do light housework does not necessarily indicate an ability to perform gainful employment. *See Easter v. Bowen,* 867 F.2d 1128, 1130 (8th Cir.1989); *Yawitz v. Weinberger,* 498 F.2d 956, 960 (8th Cir.1974). We do not find Ricketts' daily activities consistent with a conclusion that he can perform light work "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (citation omitted). Moreover, we find no inconsistency between Ricketts' primarily sedentary daily activities and his subjective complaints of leg pain and weakness.

■ The ALJ also discredited Ricketts' allegations of pain because he takes only mild pain medication. Evidence in the record suggests that Ricketts does not take any prescription pain medications because he cannot afford them. He stated on his applications that he had no medical card or money with which to seek medical treatment. The record does show that he takes non-prescription pain medication two or three times every day and an anti-inflammatory for arthritis twice each day. In

view of his limited financial resources, we do not believe Ricketts' failure to take prescription pain medication is inconsistent with, or requires disbelief of, his subjective complaints. *Cf. Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir.1984) (a lack of financial resources can be an independent ground justifying failure to follow medical treatment prescribed to remedy a disabling impairment).

■ If an ALJ rejects a claimant's testimony regarding pain, he must make an express credibility determination detailing his reasons for discrediting the testimony. *Lanning v. Heckler*, 777 F.2d 1316, 1317 (8th Cir.1985). In assessing Ricketts' subjective complaints, the ALJ did not make express credibility findings regarding all of Ricketts' allegations. In particular, the ALJ failed to mention Ricketts' claim that his right leg gives out on him frequently, causing him to fall if he does not use a cane. Ricketts' wife corroborated his testimony on this point, and nothing in the medical records contradicts it. When an ALJ fails to believe lay testimony about a claimant's allegations of pain, he should discuss the testimony specifically and make explicit credibility determinations. *Smith v. Heckler*, 735 F.2d 312, 317 (8th Cir.1984). The ALJ neither mentioned Ricketts' wife's testimony nor gave a reason for disbelieving it. Ricketts' treating and consulting physicians both noted that Ricketts could not fully flex or extend his right leg because of his missing kneecap, findings that are consistent with Ricketts' allegations of weakness and instability in his right leg. Ricketts also testified that some of the pain in his left leg is caused by it bearing most of his weight when he walks. The ALJ failed to mention this complaint, and also did not discuss Ricketts' claim of arthritic pain in his left wrist.

■ Ricketts' inability to avoid falling if he does not use a cane calls into question the ALJ's conclusion that Ricketts can perform his past work as an elevator operator. The ALJ has a duty to ascertain the demands of past work in order to compare the claimant's present capabilities to those demands. *Gunnels v. Bowen*, 867 F.2d 1121, 1124 (8th Cir.1989). The record indicates that Ricketts' job as an elevator operator required constant standing. On remand, the Secretary must compare all Ricketts' impairments, including credible subjective complaints, with the demands of operating an elevator in determining whether Ricketts can perform his past work. If necessary, a consultative examination should be ordered to assist in the inquiry. *See* 20 C.F.R. § 404.1517(a) (1989); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir.1985).

If the Secretary determines on remand that Ricketts cannot return to his past work, the burden of proof will shift to the Secretary to demonstrate the existence of jobs in the national economy that Ricketts can perform. Particular attention should be paid to Ricketts' age, illiteracy, and lack of experience in skilled work in meeting this burden.

## CONCLUSION

We reverse the decision of the district court granting summary judgment to the Secretary and remand this case for further proceedings consistent with this opinion.