65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Steven H. HABISCH, Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Appellee.
 No. 94-2990.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 23, 1995.
Filed: Aug. 28, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven H. Habisch appeals the district court's[1] grant of summary judgment to the Commissioner of Social Security (Commissioner) in his action seeking review of the decision to suspend his Supplemental Security Income benefits for failing to undergo treatment for alcoholism. We affirm.
 
 
 2
 An individual determined to be disabled in whole or in part because of alcoholism must undergo appropriate treatment for his condition at an approved facility when the treatment is available; failure to do so will render him ineligible for benefits in any month in which he does not take or comply with treatment. See 42 U.S.C. Sec. 1382(e)(3)(A); 20 C.F.R. Secs. 416.936, 416.1326(a), 416.1725 (1994). "Appropriate" treatment is recognized medical or other professional procedures for treating substance abuse carried out at or under the supervision of an approved institution or facility. 20 C.F.R. Sec. 416.937 (1994). Treatment is "available" when, inter alia, an obtainable vacancy exists at an approved facility. 20 C.F.R. Sec. 416.939(a) (1994).
 
 
 3
 Habisch was awarded benefits in 1989 on the basis of his alcoholism disability. He was notified of the treatment requirement in October 1989 and March 1990. He knew that an April 1990 assessment of his chemical dependency recommended treatment in a specific, approved hospital, and he was informed that treatment space was available for him. When he twice refused this treatment (in May and June of 1990), the Commissioner determined that Habisch was no longer eligible for benefits, and suspended his benefit payments. Given that Habisch refused the proffered, and required, treatment for his alcoholism, we conclude that the Commissioner's decision to suspend benefits was supported by substantial evidence. See 42 U.S.C. Sec. 405(g) (standard of review); Bates v. Chater, 54 F.3d 529, 531-32 (8th Cir.1995) (substantial evidence is that which reasonable mind would accept as adequate to support Commissioner's conclusion).
 
 
 4
 The judgment is affirmed.
 
 
 
 *
 As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for the Secretary of Health and Human Services pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota