# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2995

_____

Pricillia S. Stiles,                                    *
                                                        *
                  Appellant,                            *
                                                        *    Appeal from the United States
            v.                                          *    District Court for the
                                                        *    Western District of Arkansas
Kenneth S. Apfel, Commissioner,                         *
Social Security Administration,                         *        [UNPUBLISHED]
                                                        *
                  Appellee.                             *

_____

Submitted:   June 3, 1999

Filed:   August 16, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Pricillia S. Stiles appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas, affirming the denial of disability insurance benefits and supplemental security income. For reversal, appellant argues the denial of benefits is not supported by substantial evidence because the Administrative Law

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Judge (ALJ): (1) failed to develop the record by not eliciting testimony concerning her depression or requesting a psychological evaluation, (2) failed to consider evidence of her impairments individually and in combination, (3) erred in discrediting her husband's testimony, and (4) erroneously relied on the Medical Vocational Guidelines (the "grid"). For the reasons discussed below, we affirm.

At a hearing before the ALJ, appellant testified that she suffers from arm, shoulder, and neck problems, shortness of breath, depression, dizziness, and a hiatal hernia. Following the hearing, the ALJ found that appellant's depression was mild and situational, and that the medical evidence did not support a finding of disability. Considering the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ discounted appellant's subjective complaints of disabling pain, finding them unsupported by the medical evidence and inconsistent with appellant's testimony about her daily schedule and the relief her treatment provided. The ALJ discredited appellant's husband's testimony and concluded that, although appellant could not return to her past relevant work, she retained the residual functional capacity to perform light work.

We conclude that substantial evidence in the record supports the ALJ's decision. See Bates v. Chater, 54 F.3d 529, 531-32 (8th Cir. 1995) (standard of review). First, the ALJ followed the proper procedure in evaluating appellant's mental impairments. See Russell v. Sullivan, 950 F.2d 542, 544-45 (8th Cir. 1991); 20 C.F.R. § 404.1520a. Second, the ALJ did consider appellant's impairments in combination where he separately discussed her individual impairments and concluded that the evidence as a whole did not support a finding of disability. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994). Third, the ALJ stated proper reasons for discrediting appellant's husband's testimony. See Lawrence v. Chater, 107 F.3d 674, 677 (8th Cir. 1997); Bates v. Chater, 54 F.3d at 533. Last, the ALJ properly applied the grid after he discredited appellant's subjective complaints of pain for legally sufficient reasons. See Reed v.

Sullivan, 988 F.2d 812, 816 (8th Cir. 1993); Carlock v. Sullivan, 902 F.2d 1341, 1343 (8th Cir. 1990).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.