Kathy J. ROBBINS, Plaintiff,

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. C 97–3078–MWB.

United States District Court,
N.D. Iowa,
Central Division.

Sept. 27, 1999.

Danny C. Wilmouth, Legal Services Corporation of Iowa, Sioux City, IA, for Kathy J. Robbins, plaintiff.

Martha A. Fagg, Assistant United States Attorney, Sioux City, IA, for Kenneth S. Apfel, Commissioner of Social Security, defendant.

## MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

BENNETT, District Judge.

### *I. INTRODUCTION*

In this action, plaintiff Kathy J. Robbins seeks judicial review of a decision of an administrative law judge (ALJ) denying her application for Social Security benefits under Title II (disability insurance (DI)) and Title XVI (supplemental security income (SSI)) of the Social Security Act. Robbins seeks such benefits for a period beginning on April 12, 1993, when she suffered a back injury while working as an aide at a nursing home, and ending in January of 1996, when she returned to full-time employment as a waitress. She alleges that she was disabled during this period by back problems and, more particularly, by pain arising from her back injuries. However, Robbins was denied DI and SSI benefits at each stage of the Social Security administrative process.[1]

Dissatisfied with the results of the administrative process, Robbins filed this action for judicial review on August 8, 1997. This case was referred to Magistrate

---

**1.** A more detailed discussion of the procedural history of Robbins's application for Social Security benefits is not required here, because Magistrate Judge Zoss recounted that history in some detail in his Report and Recommendation, filed March 11, 1999, *see* Report and Recommendation, March 11, 1999, at 2–3. Because no party has made any objection to that portion of the Report and Recommendation, the court finds it unnecessary to reprise that history. Similarly, no party objects to the thorough recitation of the factual background presented in the Report and Recommendation. *See id.* at 3–9. Therefore, the court will not indulge in a further recitation of the facts.

Judge Zoss on August 14, 1998, for the filing of a Report and Recommendation. Judge Zoss filed such a Report and Recommendation on March 11, 1999. In that Report and Recommendation, Judge Zoss considered the record evidence in light of each of the *Polaski* factors[2] for evaluating a claimant's subjective pain complaints, and found that the record evidence detracted significantly from the ALJ's findings. *See* Report and Recommendation, March 11, 1999, 15–19. Consequently, Judge Zoss concluded that the ALJ's decision could not be sustained, because the ALJ had not correctly evaluated Robbins's subjective pain complaints in light of the *Polaski* factors. *Id.* at 19. Specifically, Judge Zoss found that the ALJ had discounted Robbins's subjective pain complaints, but without making sufficient findings to support that decision. *Id.* at 20. Judge Zoss found further that, having improperly discounted Robbins's subjective pain complaints, the ALJ had formulated an inaccurate and incomplete hypothetical question concerning Robbins's potential for obtaining employment in jobs that exist in significant numbers in the national economy. *Id.* at 20–21. Consequently, Judge Zoss recommended that this court reverse the ALJ's decision, and remand this matter to the SSA only for computation and award of benefits. *Id.* at 21–22.

The Commissioner filed objections to Judge Zoss's Report and Recommendation on March 19, 1999, asserting that the administrative decision should be sustained, or that, in the alternative, this matter should be remanded to the Commissioner for further development of the record and decision as this court deems necessary. The Commissioner argues, in essence, that the ALJ acknowledged the *Polaski* factors, and that the record evidence viewed in light of those factors provides substantial evidence to support the ALJ's decision to discount Robbins's subjective pain complaints. Thus, the Commissioner argues that there is substantial evidence to support the ALJ's conclusion that Robbins is not disabled within the meaning of the Social Security Act. The Commissioner disagrees with nearly all of Judge Zoss's findings on each of the *Polaski* factors. On the other hand, Robbins asserts, in a Response to Defendant's Objections To Magistrate's Report and Recommendation, filed on April 1, 1999, that Judge Zoss's conclusions should be accepted. This matter is now before the court for review of Judge Zoss's Report and Recommendation in light of the Commissioner's objections.

## II. LEGAL ANALYSIS

The court's legal analysis begins with consideration of the standards of review applicable to a report and recommendation of a magistrate judge and an ALJ's denial of Social Security benefits. With those standards in mind, the court will then address the Commissioner's assertions that the ALJ adequately considered the *Polaski* factors in evaluating Robbins's subjective pain complaints.

### A. Standards Of Review

#### 1. Review of a report and recommendation

■ The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such re-

---

**2.** These factors are set out in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.), *supplemented*, 751 F.2d 943, 948 (8th Cir.1984), *vacated on other grounds*, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), *adhered to on remand*, 804 F.2d 456 (8th Cir.1986), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987).

view is required. *See, e.g., Hosna v. Groose,* 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied,* 519 U.S. 860, 117 S.Ct. 164, 136 L.Ed.2d 107 (1996); *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir.1996) (citing *Belk v. Purkett,* 15 F.3d 803, 815 (8th Cir.1994)); *Hudson v. Gammon,* 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). Because objections have been filed in this case, the court must conduct a *de novo* review. The court has done so by reviewing the record before Judge Zoss in light of the Commissioner's objections to Judge Zoss's Report and Recommendation.

### 2. *Review of an administrative denial of benefits*

The Eighth Circuit Court of Appeals recently explained the standard for judicial review of an ALJ's denial of Social Security benefits as follows:

> We must uphold the ALJ's decision if it is supported by substantial evidence. *See Metz v. Shalala,* 49 F.3d 374, 376 (8th Cir.1995). Our task is not to re-weigh the evidence, and we may not reverse the Commissioner's decision merely because substantial evidence would have supported an opposite conclusion or merely because we would have decided the case differently. *See Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993); *Smith v. Shalala,* 987 F.2d 1371, 1374 (8th Cir.1993). In determining whether substantial evidence supports the ALJ's decision, we must consider evidence in the record that supports the ALJ's decision as well as evidence that detracts from it. *See Brockman v. Sullivan,* 987 F.2d 1344, 1346 (8th Cir.1993).

*Harwood v. Apfel,* 186 F.3d 1039, 1040 (8th Cir.1999); *Weiler v. Apfel,* 179 F.3d 1107, 1109 (8th Cir.1999) ("We cannot reverse the ALJ's decision merely because the record contains substantial evidence supporting a contrary outcome."). " 'Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the [ALJ's] conclusion.' " *Weiler,* 179 F.3d at 1109 (citing *Pierce v. Apfel,* 173 F.3d 704, 706 (8th Cir.1999)). However, the reviewing court "must determine whether the ALJ's findings are supported by substantial evidence on the record as a whole." *Id.* (again citing *Pierce,* 173 F.3d at 706).

■ The Eighth Circuit Court of Appeals has also explained how a court is to determine whether the ALJ's findings "are supported by substantial evidence on the record as a whole":

> In *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987), the Court discussed the difference between "substantial evidence" and "substantial evidence on the record as a whole." "Substantial evidence on the record as a whole" wrote then Chief Judge Lay, "requires a more scrutinizing analysis" than the "substantial evidence" test. The Court went on to say:
>
> > In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. National Labor Relations Bd.,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). Thus, court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory. *See Steadman v. Securities and Exchange Commission,* 450 U.S. 91, 99, 101 S.Ct. 999, 1006, 67 L.Ed.2d 69 (1981). It follows that the only way a reviewing court can determine if the entire record was taken into consideration is for the district court to evaluate in detail the evidence it used in making its decision and how any contradictory evidence balances out.
>
> *Gavin v. Heckler,* 811 F.2d at 1199. In short, a reviewing court should neither consider a claim de novo, nor abdicate its function to carefully analyze the entire record. *Brinker v. Weinberger,* 522 F.2d 13, 16 (8th Cir.1975).

*Wilcutts v. Apfel,* 143 F.3d 1134, 1136–37 (8th Cir.1998). Thus, this court must un-

dertake a "scrutinizing analysis" of the evidence in the record as a whole.

## B. Credibility Of Subjective Pain Complaints

### 1. The ALJ's decision

■ The court's "scrutinizing analysis" begins with the ALJ's decision concerning the credibility of Robbins's subjective pain complaints. The court finds that the Commissioner is correct that the ALJ "acknowledged" the *Polaski* factors for analyzing allegations of subjective pain. However, the court finds that the ALJ did no more than that. The ALJ's "acknowledgment" of the *Polaski* factors consisted of the following:

> In evaluating the testimony, the claimant's prior work record and information and observations by treating and examining physicians and third parties relating to such matters as the duration, frequency and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness and adverse side-effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; and the claimant's daily activities be considered. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984).

Social Security Administration, Office of Hearings and Appeals, Decision, October 2, 1996 (ALJ's Decision), at 3 (Record at 15) (also discussing the standards of 20 C.F.R. §§ 404.1508, 404.1529, 416.908, and 416.929). Although the ALJ discussed in detail Robbins's employment history and the requirements of her jobs, before, during, and after the period for which she sought disability benefits, *see* ALJ's Decision at 3–6 (Record at 15–18); Robbins's daily activities during the period for which she sought benefits, *see id.* at 6 (Record at 18); and Robbins's medical records and work performance evaluations from before, during, and after the period for which she sought benefits, *see id.* at 6–9 (Record at 18–21), the ALJ provided little discussion of Robbins's complaints of or treatment for pain, and no indication of how the facts considered relate to the *Polaski* factors, or how evidence under those factors balances out for the credibility of Robbins's complaints of pain. Thus, it cannot be said that the ALJ specifically considered all of the pertinent factors.

The nearest thing to an application of the *Polaski* factors is found in the following paragraph of the ALJ's Decision:

> After considering the medical evidence and testimony in light of factors relevant to "credibility," the Administrative Law Judge does not find the record to be supportive of the claimant's allegation that her symptomatology results in a residual functional capacity which would have precluded her from doing any work from April 1993 until April 1996. While the Administrative Law Judge does not doubt that the claimant has pain in her back, the allegations of symptom levels that preclude all types of work are not consistent with the evidence as a whole and are not credible. Furthermore, although the claimant has complained of back pain of such a severity as to prevent her doing almost anything except lying down, the record does not contain medical or laboratory tests that could substantiate her level of impairments. In addition, the claimant testified that she was able to vacuum, cook, wash dishes, and walk the dog during the above period of time. The claimant also indicated to Dr. Wahby in the office visit of February 11, 1994, that she did not want to work.

ALJ's Decision at 9 (Record at 21). With this abbreviated treatment of the *Polaski* factors and the analysis of Robbins's subjective pain complaints, the ALJ passed on to the question of whether Robbins could return to her past relevant work. *Id.* More is required of an ALJ's consideration of subjective pain by *Polaski* and its progeny.

### 2. Credibility findings

#### a. Inadequate analysis

■ The inadequacy of the ALJ's analysis in this case is painfully apparent in light of repeated warnings of the Eighth

Circuit Court of Appeals that, in rejecting a claimant's subjective complaints of pain, an ALJ *must* make express credibility determinations, *must* detail the reasons for discrediting the testimony, *must* set forth the inconsistencies upon which he or she relies, and *must* discuss the *Polaski* factors. *See, e.g., Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir.1998) ("When rejecting a claimant's complaints of pain, the ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors."); *Beckley v. Apfel,* 152 F.3d 1056, 1059–60 (8th Cir.1998) (reiterating these requirements and finding that, in the case before the court, "the inconsistencies that the ALJ relied on to disbelieve Beckley's testimony are not supported by sufficient evidence"); *Burress v. Apfel,* 141 F.3d 875, 880–81 (8th Cir.1998) ("Although an ALJ may reject a claimant's subjective allegations of pain and limitation, in doing so the ALJ 'must make an express credibility determination detailing the reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors.' ") (quoting *Kelley v. Callahan,* 133 F.3d 583, 588 (8th Cir.1998)); *Kelley,* 133 F.3d at 588 (reciting the same requirements and concluding that "the ALJ did not adequately detail the inconsistencies that she relied upon to disbelieve Kelley's testimony"); *Jones v. Callahan,* 122 F.3d 1148, 1151 (8th Cir.1997) (reiterating these requirements); *Shelton v. Chater,* 87 F.3d 992, 995 (8th Cir.1996) (same). More specifically, "[w]hen an ALJ fails to believe lay testimony about a claimant's allegations of pain, he should discuss the testimony specifically and make explicit credibility determinations." *Ricketts v. Secretary of Health and Human Servs.,* 902 F.2d 661, 664 (8th Cir.1990). Only where an ALJ adequately explains his or her findings on the *Polaski* factors or the reasons for discrediting testimony in light of these factors, are the ALJ's conclusions regarding the credibility of the claimant's subjective pain complaints entitled to any deference. *See Jones,* 122 F.3d at 1151

(" 'We will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain.' ") (quoting *Browning v. Sullivan,* 958 F.2d 817, 821 (8th Cir.1992)); *Dixon v. Sullivan,* 905 F.2d 237, 238 (8th Cir.1990) ("If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment.").

Here, the ALJ failed to address expressly each of the *Polaski* factors, and to the extent he did address some of them, he failed to make any express credibility determinations, detail reasons for discrediting the plaintiff's testimony, or set forth the inconsistencies upon which he relied. *See, e.g., Baker,* 159 F.3d at 1144 (requiring such analysis). There is nothing resembling a specific discussion of the testimony as it relates to credibility, *see Ricketts,* 902 F.2d at 664, and nothing demonstrating "seriou[s] consider[ation]" of the pain allegations or "good reasons" for disregarding them. *Jones,* 122 F.3d at 1151; *Dixon,* 905 F.2d at 238. In the place of the required analysis, the ALJ offers conclusory observations that "the allegations of symptom levels that preclude all types of work are not consistent with the evidence as a whole and are not credible," that "the record does not contain medical or laboratory tests that could substantiate her level of impairments," and observations that Robbins could conduct some household activities, including vacuuming, cooking, washing dishes, and walking the dog. ALJ's Decision at 9 (Record at 21). Thus, the ALJ's decision fails to satisfy the requirements for discounting Robbins's subjective pain complaints.

### b. Lack of "substantial evidence"

Nor does the court find that the ALJ's conclusory statement of reasons points to substantial evidence on which this court could sustain the ALJ's Decision despite technical deficiencies in the ALJ's analysis or explanation. *See Beckley,* 152 F.3d at 1059–60 (finding that, in a discussion of the *Polaski* factors by the ALJ,

"the inconsistencies that the ALJ relied on to disbelieve Beckley's testimony are not supported by sufficient evidence"). The ALJ relied, in part, on evidence concerning Robbins's day-to-day activities, but the Eighth Circuit Court of Appeals "has repeatedly stated that a person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." *Kelley*, 133 F.3d at 589. Nor does the purported lack of medical or laboratory tests that could substantiate Robbins's level of impairments constitute substantial evidence that she is not disabled by pain. If "an ALJ may not disregard a claimant's subjective complaints of pain merely because the medical evidence is *inconsistent* with the claimant's description of the extent and severity of his [or her] pain," *Jones*, 122 F.3d at 1151 (emphasis added), then the ALJ may not disregard subjective pain complaints because there is a *lack* of supporting medical or laboratory tests.

Although an ALJ may disregard a claimant's subjective pain complaints if "there are inconsistencies in the evidence as a whole," the court finds that Judge Zoss has more than adequately articulated the ways in which evidence in the record as a whole detracts from the ALJ's decision. *See Harwood*, 186 F.3d at 1040 (in deciding whether the ALJ's conclusions are supported by "substantial evidence," the court "must consider evidence in the record that supports the ALJ's decision as well as evidence that detracts from it") (citing *Brockman*, 987 F.2d at 1346); *accord Wilcutts*, 143 F.3d at 1136–37 (citing *Gavin*, 811 F.2d at 1199, and *Brinker*, 522 F.2d at 16). The court specifically adopts those portions of Judge Zoss's Report and Recommendation considering the evidence, and its import, on each of the *Polaski* factors. The court finds that substantial evidence detracts from the ALJ's conclusions, and indeed, considering how the " 'contradictory evidence balances out,' " *Wilcutts*, 143 F.3d at 1137 (quoting *Gavin*, 811 F.2d at 1199), the court concludes that the ALJ did not fully consider the impact of Robbins's subjective pain complaints. Consequently, under the appropriate "scrutinizing analysis," *id.*, the ALJ's decision cannot be sustained.

### C. Disposition

██ The court parts company with Judge Zoss, however, on the appropriate course to take in light of the lack of substantial evidence to support the ALJ's decision. Judge Zoss recommended that this matter be remanded to SSA only for computation and award of benefits. Report and Recommendation, March 11, 1999, at 21–22. Recognizing that credibility is for the trier of fact, in this case, the ALJ, even though his first analysis was flawed, the court deems the appropriate course to be a remand of this matter to the Commissioner for reconsideration of the impact of Robbins's complaints of subjective pain upon her disability and residual functional capacity in light of the *Polaski* factors and Eighth Circuit law concerning the appropriate analysis for credibility determinations regarding subjective pain complaints. *See, e.g., Kelley*, 133 F.3d at 590 (remanding to the Commissioner for further consideration and development of the record in light of the ALJ's failure to engage in an adequate *Polaski* analysis).

THEREFORE, the Commissioner's objections are sustained to the extent that the recommended judgment is **modified** to state that this matter **is remanded** to the Commissioner for reconsideration of the evidence regarding Robbins's complaints of subjective pain upon her disability and residual functional capacity in light of the *Polaski* factors and Eighth Circuit law concerning the appropriate analysis for credibility determinations regarding subjective pain complaints. However, Judge Zoss's March 11, 1999, Report and Recommendation is **otherwise accepted.**

**IT IS SO ORDERED.**