# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1977

_____

| | | |
|---|---|---|
| Martin J. Tang, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Kenneth S. Apfel, Commissioner of | * | |
| Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  December 15, 1999

Filed:  March 8, 2000

_____

Before BEAM and HEANEY, Circuit Judges, and KYLE, District Judge.[1]

_____

HEANEY, Circuit Judge.

Martin J. Tang appeals the district court's judgment affirming the denial of his application for social security disability benefits.  Because we believe the

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

administrative law judge (ALJ) improperly discredited Tang's subjective complaints of pain, we reverse.

## I. BACKGROUND

Tang, a high school graduate, was born on May 15, 1956. He spent sixteen years as a manual laborer, first as a mechanic, then as an employee of a paper plant, and finally as a warehouseman. On September 24, 1994, Tang was seriously injured in an automobile accident. He tried unsuccessfully to return to his past work, and has not been engaged in substantial gainful activity since his accident.

Tang applied for social security disability benefits on January 11, 1995. After his application was denied administratively on May 24, 1995, he timely requested a hearing before an ALJ. At the hearing, Tang testified he experienced constant sharp pain, so sharp that it sometimes brought tears to his eyes. On a scale of one to ten, Tang rated his pain as usually an eight or nine. The vocational expert testified that if Tang's testimony were credited, there would be no work in the national economy that Tang could perform.

On December 22, 1995, the ALJ denied Tang's application for benefits. Applying Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ evaluated Tang's subjective complaints of pain, and determined that Tang's application for benefits was undermined by inconsistences in the record. The ALJ noted that Tang prepared his children for school each morning, and was able to climb stairs and do the laundry. The ALJ also noted that Tang no longer took prescription pain medication or used a TENS unit, and stated that Tang had testified that the pain was bearable and did not distract him. The ALJ therefore concluded that although Tang could not return to his past work, he could nevertheless perform light work because neither his physical

limitations nor the pain he claimed to experience were sufficiently severe to prevent him from doing light work.

## II. DISCUSSION

We must affirm the Commissioner's determination if substantial evidence in the record as a whole supports his decision. See Burress v. Apfel, 141 F.3d 875, 878 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Cox v. Apfel, 160 F.3d 1203, 1206-07 (8th Cir. 1998). We also evaluate any evidence that contradicts the Commissioner's decision, rather than simply searching the record for supporting evidence. See id. at 1207. We believe the ALJ's Polaski analysis is unsupported by the record.

Daily Activities

The ALJ summarized Tang's daily activities as follows:

In describing his activities of daily living the claimant states his day starts at 6:30 a.m. when he gets the children ready for school. He goes to bed at approximately 9:00 p.m. He states he can no longer ride his bike, play ball, shovel snow, take out the garbage, or mow his lawn. He is still able to climb stairs and does the laundry.

(R. at 16-17.)

Tang's ability to engage in domestic activities like those described here provides scant evidence of his ability to perform full-time work. As we have repeatedly held, the inquiry must focus on the claimant's ability "to perform the requisite physical acts

day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982); see also Baumgarten v. Chater, 75 F.3d 366, 369 (8th Cir.1996) (claimant "need not prove that [his] pain precludes all productive activitiy and confines [him] to life in front of the television"); Thomas v. Sullivan, 876 F.2d 666, 669-70 (8th Cir. 1989). While Tang may be able to prepare his children for school and to do the laundry on a daily basis, it does not follow that Tang is able to perform light or sedentary work continuously throughout the working day.

Duration, Frequency, and Intensity of Pain

The ALJ mischaracterized Tang's testimony as stating that the pain was bearable and did not distract him. According to the record, Tang denied that the pain "interfere[d] with [his] ability to concentrate and remember." (R. at 59.) Moreover, Tang's testimony with respect to pain is supported by his medical records and functional capacity evaluation.

Dosage, Effectiveness, and Side Effects of Medication

Tang has been under medical care since his injury. He has not only seen his primary physician, but has seen specialists recommended by that physician. For as long as he could afford to, he took all of the medicines that were prescribed, including Naprosyn and Flexeril (both pain killers), and used a TENS unit. Although Tang testified that he has of late been unable to afford either the prescribed medicines or the TENS unit, his inability to afford medication cannot be used as a basis for a denial of benefits. See Ricketts v. Secretary of Health and Human Services, 902 F.2d 661, 663-64 (8th Cir. 1990).

<u>Functional restrictions</u>

Terri Terrill, a vocational evaluator at Goodwill Industries of Southeast Iowa, concluded in her vocational evaluation final report that as of January 19, 1996--more than fifteen months after Tang's injury--Tang continued to experience pain that significantly limited his ability to work:

> Over the course of evaluation, [Tang] did appear to be experiencing an exacerbation of pain. After a considerable amount of encouragement [Tang] did agree to cut back to three days per week instead of five. In my opinion, [Tang's] optimal level of work tolerance was 9-10 hours per week. I think that over time he may be able to work up to 15-20 hours per week. However, I do not believe that he will be able to tolerate full time work unless there is a significant change in his physical condition.

(R. at 238.) There is no rebuttal testimony in the record. The ability to engage in work at this level is not a basis for denying social security benefits. <u>See</u> <u>Cline v. Sullivan</u>, 939 F.2d 560, 565-66 (8th Cir. 1991)

Finally, we note that the ALJ, for whatever reason, asked Tang whether he had a lawsuit pending as a result of the automobile accident. Tang answered in the affirmative and indicated the case was about to go to trial. It may well be that if Tang is successful in this litigation, he will be able to afford the treatment, medication, and devices that would enable him to return to work. In that event, the Commissioner can reopen the case and determine whether Tang remains eligible for social security disability benefits.

### III. CONCLUSION

We recognize that credibility findings are for the ALJ to make, but we are unable to find in the record good reasons for the ALJ's refusal to credit Tang's testimony with

respect to pain.  To the contrary, the record supports that testimony.  It follows that there is no substantial evidence in the record as a whole to support the ALJ's finding that Tang is not entitled to social security disability benefits and that the district court erred in affirming the Commissioner's decision.  The matter is remanded to the district court with directions to remand to the Commissioner with directions to award Tang disability benefits from September 24, 1994 to the present, with a deduction for Tang's earnings during his brief attempt to return to work.

BEAM, Circuit Judge, dissenting.

The issue here is whether there is substantial evidence in the record as a whole to support the Commissioner's discrediting of petitioner's subjective complaints of pain. I believe the evidence is sufficient and  would affirm the Commissioner and the district court on this issue.  Accordingly, I dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-