# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2408

_____

Lewis L. Khalil,                                     *
                                                     *
            Appellant,                               *
                                                     *    Appeal from the United States
      v.                                             *    District Court for the
                                                     *    District of Minnesota.
Jo Anne B. Barnhart, Commissioner of                 *
Social Security Administration,                      *          [UNPUBLISHED]
                                                     *
            Appellee.                                *

_____

Submitted:  February 25, 2003
    Filed:   February 27, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Lewis L. Khalil appeals the District Court's[1] order affirming the denial of disability insurance benefits and supplemental security income. In his January and April 1999 applications and subsequent documents, Khalil alleged disability since October 1998 from pain and medication side effects related to Hepatitis C, stomach problems, and fatigue. After an August 2000 hearing, where a medical expert and a

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable John M. Mason, late a United States Magistrate Judge for the District of Minnesota.

vocational expert (VE) testified, an administrative law judge (ALJ) determined that Khalil's history of kidney stones, hernia, gastroesophageal reflux disease, diverticulum, Hepatitis C, and major depressive disorder with anxious features precluded him from performing his past relevant work, but also determined that he could perform jobs the VE had identified in response to a hypothetical the ALJ posed, which took into account Khalil's limited English skills. We conclude the ALJ's decision is supported by substantial evidence and affirm. See Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000) (standard of review).

First, the ALJ did not err by discounting the opinion of Khalil's treating physician, Dr. Wahlid Mikhail, that Khalil could not work. Dr. Mikhail, who was not treating Khalil for Hepatitis C and who was not a psychiatrist, had treated Khalil for only a brief time and he was the only physician who opined that Khalil was permanently disabled or who recommended restrictions precluding all work. See Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (noting that social security "regulations provide that a treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable . . . diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'") (quoting 20 C.F.R. § 404.1527(d)(2)).

Second, the ALJ's determinations that Khalil's depression was not disabling and that a psychological consultative examination was not required were proper. Khalil and Dr. Mikhail associated Khalil's depression with medication that he was no longer taking. Khalil further associated his depression with abdominal pain that reportedly was controlled by medication. In addition, Khalil did not seek treatment from a mental health professional until July 2000 and he first alleged disabling depression at the August 2000 hearing. See Naber v. Shalala, 22 F.3d 186, 189 (8th Cir. 1994) ("[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis

for the ALJ's decision." (citing 20 C.F.R. § 416.927(c)(4) (1993)); cf. Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993) (concluding that ALJ properly discounted psychiatrist's opinion in part because claimant had not alleged disabling mental impairment in benefits application and had not previously sought or been referred for mental health treatment).

Third, the ALJ gave multiple, valid reasons for finding that Khalil was not credible. "Where adequately explained and supported, credibility findings are for the ALJ to make" and we will not disturb them on review. Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (citing Tang v. Apfel, 205 F.3d 1084, 1087 (8th Cir. 2000).

Finally, we decline to consider Khalil's new argument about his limited English skills. See Misner v. Chater, 79 F.3d 745, 746 (8th Cir. 1996) (noting that arguments raised for first time on appeal will not be considered unless appellant can show manifest injustice would result). Nor will we consider the new records Khalil attached to his brief and we therefore deny his motion to supplement the record. See 42 U.S.C. § 405(g) (2000); Delrosa v. Sullivan, 922 F.2d 480, 483-84 (8th Cir. 1991).

Accordingly, while there is some evidence in the record to support Khalil's claim, see Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984) ("An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite conclusion."), we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-