# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1169

_____

Thomas Hilliard

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 13, 2019
Filed: July 9, 2020

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

In 2015, Thomas Hilliard applied for disability insurance benefits and supplemental security income. The Administrative Law Judge concluded he was not disabled because his residual functional capacity (RFC) made him eligible for light, unskilled work. The ALJ based his decision on the medical opinions of three

consultative examiners, Hilliard's daily activities (including walking around the mall), his statements to clinicians, and his past relevant work as a fast food worker. The ALJ assigned partial weight to the opinion of Dr. Majed Barazanji, and little weight to the opinion of David Yurdin, a physician assistant.

Hilliard also provided a test showing his reading comprehension at the second-grade level. In the hypothetical question to the vocational expert, the ALJ did not specifically reference this test. Instead, the ALJ asked whether a hypothetical person could perform past relevant work if "limited to unskilled work" with "short and simple" instructions.

The district court[1] affirmed the ALJ's denial. Hilliard appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

This court "must affirm the [ALJ's] determination if substantial evidence in the record as a whole supports [the] decision." *Tang v. Apfel*, 205 F.3d 1084, 1086 (8th Cir. 2000) (cleaned up). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*, *quoting Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938). This court "may not reverse [the ALJ] because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Brown v. Barnhart*, 390 F.3d 535, 538 (8th Cir. 2004) (cleaned up).

---

[1] The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

Hilliard argues that the ALJ's determination is not supported with substantial evidence because it: (1) improperly weighed the medical professionals' opinions, and (2) inadequately described Hilliard's cognitive limitation in the question to the vocational expert. Hilliard also raises an Appointments Clause challenge to the ALJ's appointment.

## II.

According to Hilliard, the ALJ improperly weighed the opinions of medical professionals. "The interpretation of physicians' findings is a factual matter left to the ALJ's authority." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016).

Hilliard argues that the ALJ should have given greater weight to the opinion of Dr. Barazanji, who examined Hilliard one time as a consultant. Barazanji concluded that Hilliard could stand for no more than 30 minutes and walk no more than two blocks. The ALJ gave sufficient reasons for assigning partial weight to this opinion. First, other consultative examiners found no support for Barazanji's conclusions. Second, Barazanji examined Hilliard once. *See Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) (holding "[t]he opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence"). Third, Barazanji's opinion was inconsistent with his medical observations that Hilliard had no pain, no observed abnormality in his joints, and full strength in his arms and legs. The ALJ properly assigned Barazanji's opinion partial weight.

Hilliard also disputes the ALJ's decision to disregard the opinion of Yurdin, the physician assistant, a primary caregiver to Hilliard. The ALJ ruled that a physician assistant is not an acceptable medical source, but can provide information to help understand a claimant's impairments. *See Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007); *cf.* **20 C.F.R. § 404.1502(a)(8)** (treating a licensed physician assistant as an acceptable medical source for claims filed on or after March 27, 2017). The ALJ

did not give weight to Yurdin's opinion because he completed a checklist with brief commentary. A treating physician's assessments "possess little evidentiary value" when they "consist of nothing more than vague, conclusory statements," such as "checked boxes, circled answers, and brief fill-in-the-blank responses." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018).

Hilliard believes that the ALJ should have produced additional medical evidence to determine his RFC. *See Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) ("it is the duty of the ALJ to fully and fairly develop the record"); *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (reversing ALJ decision with "no other evidence in the record to support" the RFC "besides the non-treating physician's assessment"); *Lauer v. Apfel*, 245 F.3d 700, 706 (8th Cir. 2001) (requiring that the ALJ consider at least some supporting medical evidence from a professional). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994). Sufficient evidence in the record supported the ALJ's decision, including clinical notes that Hilliard lost weight from moving around so much, left a clinical appointment with a brisk walk and no cane, and stated he was doing well after a total hip replacement.

III.

Hilliard claims that the hypothetical question to the vocational expert inadequately described his cognitive limitations. A hypothetical question to the vocational expert "must precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant." *Newton v. Chater*, 92 F.3d 688, 694-95 (8th Cir. 1996). It "should capture the 'concrete consequences' of those impairments." *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (citation omitted).

The ALJ's question captured the concrete consequences of Hilliard's impairments. First, Hilliard successfully worked as a fast food worker from 2001 to 2009, and there was no evidence that his reading level had changed. *See* **20 C.F.R. § 404.1565(a)** (stating "[w]ork you have already been able to do shows the kind of work that you may be expected to do"). Second, the ALJ's characterization for work with "short and simple" instructions adequately captured the concrete consequences of Hilliard's cognitive limitations. *See Howard v. Massanari*, 255 F.3d 577, 582, 584 (8th Cir. 2001) (upholding a hypothetical question that described claimant as capable of doing "simple work" when an intelligence test placed her at the second-grade level).

IV.

Finally, Hilliard did not raise to the ALJ an Appointments Clause challenge, so this court need not consider it. *See Davis v. Saul*, 2020 WL 3479626 (8th Cir. June 26, 2020).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____