**Jerome F. NABER, Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Appellee.**

No. 93–1010.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1993.

Decided April 22, 1994.

Rehearing Denied May 31, 1994.

---

Catherine R. Enyeart, Hot Springs, SD, argued (Jerome Naber, on the brief), for appellant.

Deana R. Ertl–Lombardi, Denver, CO (Kevin V. Schieffer and Steven D. Rich, Rapid City, SD, and Ronald S. Luedemann, Thomas A. Nelson, Jr., Denver, CO, on the brief), for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

Jerome F. Naber seeks social security disability insurance benefits. An administrative law judge (ALJ) found that Naber became disabled on January 5, 1991, and awarded him benefits from that date forward. Naber filed this action to challenge the ALJ's decision, arguing that he also should receive benefits for the period from November 1, 1989, to January 4, 1991. The district court[1] entered judgment for the Secretary. Naber appeals, and we affirm.

1. The Honorable Andrew W. Bogue, Senior District Judge, United States District Court for the District of South Dakota.

·I.

Naber was born January 5, 1936. He has a high school education. He was employed for thirteen years as a manager of a farm supply cooperative, for nine years as a construction crew foreman, and for eight years as a seasonal farmworker driving farm equipment. He has not been gainfully employed since October 1989, when he drove a combine and a tractor for a neighboring farmer. Naber's application for benefits claimed that he has been disabled since November 1, 1989, because of arthritis, neck pain, and a painful condition in his right eye.

After an evidentiary hearing, an ALJ evaluated Naber's claim according to the familiar five-step analysis prescribed by Social Security Administration regulations. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert,* 482 ·U.S. 137, 140–42, 107 S.Ct. 2287, 2291, 96 L.Ed.2d 119 (1987). The ALJ found at the first step that Naber had not been involved in substantial gainful activity, at the second step that Naber had a severe impairment, at the third step that Naber's impairment did not meet a listed impairment presumed to be disabling, at the fourth step that Naber is unable to perform his past relevant work, and at the fifth step that he had a residual functional capacity that enabled him to perform other work until January 5, 1991, Naber's 55th birthday. (*See* Appellant's App. at 14–15.) At the fifth step, the ALJ used the Medical–Vocational Guidelines, a series of two-dimensional tables that permit an ALJ to determine whether other work is available (and thus whether a claimant is disabled) by factoring four variables: the claimant's age, education, previous work experience, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2; *Heckler v. Campbell,* 461 U.S. 458, 460–62, 103 S.Ct. 1952, 1953–55, 76 L.Ed.2d 66 (1983). Using the guidelines, the ALJ concluded that Naber was not disabled so long as he was merely "closely approaching advanced age," but that Naber was disabled upon reaching "advanced age," which is defined as age 55. Thus, the ALJ

ordered that Naber receive disability income benefits effective January 5, 1991.

## II.

The ultimate issue in this appeal is whether Naber was disabled from November 1, 1989, to January 4, 1991, a period of approximately 14 months. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). We do not reweigh the evidence or review the factual record de novo. *See Loving v. Shalala,* 16 F.3d 967, 969 (8th Cir.1994). We simply determine whether the quantity and quality of evidence is "enough so that a reasonable mind might find it adequate to support the [ALJ's] conclusion." *Robinson v. Sullivan,* 956 F.2d 836, 838 (8th Cir.1992).

Naber first contends that the ALJ did not properly consider his subjective complaints of pain when he considered Naber's residual functional capacity. The ALJ must give full consideration to all evidence relevant to a claimant's subjective complaints of pain. The ALJ "is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984) (subsequent history omitted).

Naber testified that he experienced considerable pain in his shoulder, arm, and neck in the fall of 1989. (Tr. at 34.) Naber submitted an affidavit of his then-employer to corroborate his complaints of pain.[2] At the conclusion of the evidentiary hearing, Naber also testified as follows:

Q. What are you going to do now in the future? What are your plans for the future? Let's assume that you do, that you are awarded Disability Benefits. Then

what are you going to do with the rest of your life?

A. I don't know, I've thought about that. My original intention is to go back to Miller, South Dakota, my home town, and I'll probably stay with my mother a short period of time. My brother has a big ranch, farm up there, I might work with him part-time or something to stay busy, I don't—I guess I don't have a definite plan, I don't want to sit around, I want to remain active somewhere, but I don't know what I can or can't do, I guess that's the problem. I'll have to find something that, to hold a job, an eight hour, 10 hour job a day I think would be out of the question. I'd like to get into something for myself but I just, I haven't come up with anything. Maybe a little woodshop or paint shop or something, I don't know, that's what I keep thinking of.

(*Id.* at 43.) The ALJ's written decision relies, in part, on this testimony. (Appellant's App. at 12.)

■ We agree with the ALJ that Naber's testimony is inconsistent with his complaints of disabling pain. Naber's intention to return to work is laudable, but we are reminded that a person is not disabled unless "he is not only unable to do his previous work but [also] cannot ... engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A). Naber's intention to work on his brother's ranch or in a woodshop or paint shop tends to prove that he is able to work. Naber further testified that his condition at the time of the hearing was the same as his condition during the relevant 14–month period. (*See* Tr. at 36). Thus, Naber's testimony about his intention to work in the future supports the ALJ's decision to deny benefits for the relevant 14–month period despite Naber's complaints of pain. *See Polaski,* 739 F.2d at 1322 ("Subjective complaints may be

**2.** As an anterior matter, Naber argues that the ALJ erred by discounting two affidavits because they are, by nature, less convincing than live testimony. The ALJ stated that he found it difficult to determine the credibility of each affiant, (*see* Appellant's App. at 13), but he also went on to analyze their statements under the assumption that the affidavits were true, (*see id.* at 13–14). The ALJ concluded that the affidavits could not

compel a finding of disability, and we find nothing within them to seriously undermine the evidence supporting the ALJ's decision to deny benefits prior to January 5, 1991. Nothing in the authority Naber cites (20 C.F.R. §§ 404.1520(a) & 404.1571 (1993)) requires an ALJ to give equal weight to affidavits and live testimony. Thus, we conclude that the ALJ's credibility determinations were not improper.

discounted if there are inconsistencies in the evidence as a whole.").

In addition, Naber actually performed medium-exertional work during the relevant 14-month period. A staff person at the Rapid City Veterans Administration Medical Center, where Naber lived during the relevant period, recommended that Naber be assigned to a woodshop for six hours of work per day. (Tr. at 370.) Naber testified that he was able to work continuously in a standing position for up to one hour and that he had no additional difficulties so long as he could sit and rest occasionally. (*See id.* at 42.) The ALJ referred to Naber's work in the woodshop in his written decision. (*See* Appellant's App. at 12.) Naber's ability to work in the woodshop is, at the least, consistent with "light work," which is defined as work that "requires a good deal of walking or standing [or] involves sitting most of the time with some pushing and pulling of arm and leg controls." 20 C.F.R. § 1567(b). Because "light work" does not involve constant standing, Naber can perform light work on a "sustained basis." *See McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc). This evidence supports the ALJ's conclusion that Naber could perform light work despite Naber's complaints of pain. *See Polaski,* 739 F.2d at 1322 (requiring ALJ to consider "claimant's prior work record").

Naber next contends that the ALJ erred by failing to call a medical expert to testify about Naber's spinal disorders and his alcoholism and alcohol-related depression. We have held that "[m]edical testimony is relevant in determining precisely what claimant's physical impediments are, but it is not conclusive as to the ultimate question concerning whether the claimant's injuries are so severe that he is prevented from doing productive work." *Nelson v. Sullivan,* 946 F.2d 1314, 1316–17 (8th Cir.1991). An ALJ is required to obtain additional medical evidence if the existing medical evidence is not a sufficient basis for a decision. *See* 20 C.F.R. § 416.-927(c)(3). But an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision. *See id.* § 416.927(c)(4).

■ Here, other evidence in the record provides a sufficient basis for the ALJ's conclusion that Naber's alcoholism and alcohol-related depression was not a significant nonexertional impairment. Naber's alcohol problems actually improved during the 14-month period from what they were before, when he was working. (*Compare* Tr. at 333–45 *with id.* at 347–52.) Thus, the record supports the ALJ's conclusion. *See Dixon v. Sullivan,* 905 F.2d 237, 238 (8th Cir.1990) (holding that condition that was not disabling during working years and has not worsened cannot be used to prove present disability). The same is true regarding Naber's spinal condition; the ALJ had a sufficient evidentiary basis for his conclusion that Naber could not perform his past relevant work and could perform only light work. (*See* Appellant's App. at 14.) Therefore, the ALJ did not err by not calling a medical expert to testify about these issues.

■ Naber last contends that the ALJ should not have used the Medical–Vocational Guidelines. If an ALJ finds that a claimant has nonexertional impairments that affect the claimant's ability to do other work, then the ALJ cannot rely solely on the guidelines to determine whether the claimant is disabled. *Jenkins v. Bowen,* 861 F.2d 1083, 1086 (8th Cir.1988); *Talbott v. Bowen,* 821 F.2d 511, 515 (8th Cir.1987). In that situation, the ALJ must receive other evidence, such as the testimony of a vocational expert, to determine whether the claimant can perform other work. *Id.* But if an ALJ determines that a claimant has either no nonexertional impairments or insignificant nonexertional impairments that do not limit the claimant's ability to perform other work identified by the guidelines, then the ALJ may use the guidelines. *See Russell v. Sullivan,* 950 F.2d 542, 545–46 (8th Cir.1991).

■ This record contains substantial evidence that Naber's nonexertional impairments do not significantly affect his ability to perform light work. "When a claimant's subjective complaints of pain 'are explicitly discredited for legally sufficient reasons articulated by the ALJ,' the Secretary's burden [at the fifth step] may be met by use of the

[Medical–Vocational Guidelines]." *Hutsell v. Sullivan*, 892 F.2d 747, 750 (8th Cir.1989) (quoting *Long v. Bowen*, 866 F.2d 1066, 1067 (8th Cir.1989)). Therefore, the ALJ did not err by using the Medical–Vocational Guidelines to determine whether Naber was disabled.

### III.

The judgment of the district court is affirmed.