**Vina K. DURHAM, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

No. C03–4026–PAZ.

United States District Court, N.D. Iowa, Western Division.

July 15, 2004.

Robert Kohorst, Kohorst Law Firm, Harlan, IA, for Plaintiff.

Martha A. Fagg, US Attorney's Office, Sioux City, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER

ZOSS, United States Magistrate Judge.

### I. INTRODUCTION

The plaintiff Vina K. Durham ("Durham") appeals a decision by an administrative law judge ("ALJ") denying her application for Social Security retirement insurance benefits. Durham argues the Record establishes she is entitled to benefits. (*See* Doc. No. 13)

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Procedural Background

On December 29, 2000, Durham filed an application for retirement insurance benefits. (R. 51–53) The application was denied on January 30, 2001, because Durham needed "40 work credits," but had "earned 26 credits, and still need[ed] 14 credits more." (R. 54) On April 2, 2001, she filed a request for reconsideration (R. 57), which was denied on January 17, 2002 (R. 61–65).

On March 6, 2002, Durham requested a hearing (R. 66), and a hearing was held before ALJ Robert Maxwell on July 25, 2002, in Spencer, Iowa. (R. 19–40) Durham was represented at the hearing by attorney Robert Kohorst. Durham testified at the hearing, and was the only witness.

On August 29, 2002, the ALJ ruled Durham was not entitled to benefits. (R. 7–15) On February 11, 2003, the Appeals Council of the Social Security Administration denied Durham's request for review (R. 2–3), making the ALJ's decision the final decision of the Commissioner.

Durham filed a timely Complaint in this court on April 14, 2003, seeking judicial review of the ALJ's ruling. (Doc. No. 1) Upon consent of the parties, on May 9, 2003, the matter was transferred to the undersigned United States Magistrate Judge for final disposition. (Doc. No. 8) Durham filed a brief supporting her claim on August 11, 2003. (Doc. No. 13) The Commissioner filed a responsive brief on September 29, 2003. (Doc. No. 14). Telephonic arguments were held on July 13, 2004. Robert Kohorst appeared for the plaintiff, and Jennifer Fisher appeared for the defendant. The matter is now fully submitted.

## B. Factual Background

The following facts are not in dispute. Durham was born on January 30, 1936 (R. 51), and is therefore 68 years old. As explained by the ALJ, in order to qualify for Social Security retirement insurance benefits, Durham needs "40 quarters of coverage (i.e., work credits) to be fully insured, one for each year beginning with 1958, the year after she attained age 21, through 1997, the year before she attained age 62." (R. 12) Durham has only 26 quarters of coverage.

## C. The ALJ's Decision

The ALJ found Durham did not meet the "40 quarter" requirement, and therefore was not entitled to retirement insurance benefits.

## III. STANDARD OF REVIEW

■ The court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards, and whether the factual findings are supported by substantial evidence on the record as a whole. *Hensley v. Barnhart,* 352 F.3d 353, 355 (8th Cir.2003); *Banks v. Massanari,* 258 F.3d 820, 823 (8th Cir.2001) (citing *Lowe v. Apfel,* 226 F.3d 969, 971 (8th Cir.2000)); *Berger v. Apfel,* 200 F.3d 1157, 1161 (8th Cir.2000) (citing 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). This review is deferential; the court must affirm the ALJ's factual findings if they are supported by substantial evidence on the record as a whole. *Id.* (citing *Estes v. Barnhart,* 275 F.3d 722, 724 (8th Cir. 2002)); *Krogmeier v. Barnhart,* 294 F.3d 1019, 1022 (8th Cir.2002) (citing *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir.2000)); *Kelley v. Callahan,* 133 F.3d 583, 587 (8th Cir.1998) (citing *Matthews v. Bowen,* 879 F.2d 422, 423–24 (8th Cir.1989)); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive...."). Under this standard, "[s]ubstantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier, id.; Weiler v. Apfel,* 179 F.3d 1107 (8th Cir.1999), *id.; accord Gowell v. Apfel,* 242 F.3d 793, 796 (8th Cir.2001) (citing *Craig v. Apfel,* 212 F.3d 433, 436 (8th Cir.2000)); *Hutton v. Apfel,* 175 F.3d 651, 654 (8th Cir.1999); *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993).

■ Moreover, substantial evidence "on the record as a whole" requires consideration of the record in its entirety, taking into account both "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Krogmeier,* 294 F.3d at 1022 (citing *Craig,* 212 F.3d at 436); *Wilcutts v. Apfel,* 143 F.3d 1134, 1136 (8th Cir.1998) (quoting *Universal Camera Corp. v. N.L.R.B.,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)); *Gowell,* 242 F.3d at 796; *Hutton,* 175 F.3d at 654 (citing *Woolf,* 3 F.3d at 1213); *Kelley,* 133 F.3d at 587 (citing *Cline v. Sullivan,* 939 F.2d 560, 564 (8th Cir.1991)). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart,* 349 F.3d 549, 555 (8th Cir.2003) (also citing *Cline, supra*).

■ In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Secretary of Health & Human Serv.,* 879 F.2d 441, 444 (8th Cir.1989) (citing *Steadman v. S.E.C.,* 450 U.S. 91, 99, 101 S.Ct. 999, 1006, 67 L.Ed.2d 69 (1981)). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin,* 349 F.3d at 555 (citing *Bates v. Chater,* 54 F.3d 529,

532 (8th Cir.1995)), or "review the factual record *de novo.*" *Roe v. Chater,* 92 F.3d 672, 675 (8th Cir.1996) (citing *Naber v. Shalala,* 22 F.3d 186, 188 (8th Cir.1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, [the court] must affirm the [Commissioner's] decision." *Id.* (quoting *Robinson v. Sullivan,* 956 F.2d 836, 838 (8th Cir.1992), and citing *Cruse v. Bowen,* 867 F.2d 1183, 1184 (8th Cir.1989)); *accord Baldwin,* 349 F.3d at 555; *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir.2000). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson v. Shalala,* 30 F.3d 934, 939 (8th Cir.1994) (citing *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992)); *accord Krogmeier,* 294 F.3d at 1022 (citing *Woolf,* 3 F.3d at 1213). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baldwin,* 349 F.3d at 555 (citing *Grebenick v. Chater,* 121 F.3d 1193, 1198 (8th Cir.1997)); *Young,* 221 F.3d at 1068; *see Pearsall,* 274 F.3d at 1217; *Gowell,* 242 F.3d at 796; *Spradling v. Chater,* 126 F.3d 1072, 1074 (8th Cir.1997).

## IV. ANALYSIS

In this case, the central facts are not in dispute. The court must determine whether the ALJ has correctly applied the law to these facts.

Title 42 U.S.C. § 414, which governs eligibility for Social Security retirement insurance benefits, provides as follows:

(a) "Fully insured individual" defined. The term "fully insured individual" means any individual who had not less than—

    (1) one quarter of coverage (whenever acquired) for each calendar year elapsing after 1950 (or, if later, the year in which he attained age 21) and before the year in which he died or (if earlier) the year in which he attained age 62, . . .

*not counting as an elapsed year for purposes of paragraph (1) any year any part of which was included in a period of disability (as defined in section 416(i) of this title), . . . .*

42 U.S.C. § 414 (emphasis added). A "period of disability" is defined generally in 42 U.S.C. § 416(i)(2)(A) as "a continuous period . . . during which an individual [is] under a disability. . . ."

■ The parties agree that Durham has only 26 quarters of coverage for purposes of retirement insurance benefits.[1] However, Durham argues she has been disabled since 1983, so the "40 quarters" requirement is reduced to 25 quarters (*i.e.,* one quarter for each year from 1958, the year after she attained age 21, to 1983, when she became disabled). (Doc. No. 13, p. 3)

In his decision, the ALJ stated that "while not an issue in regard to the claimant's current application for retirement insurance benefits,"[2] he felt compelled to address Durham's argument that she needed only 25 quarters of coverage to be eligible for retirement insurance benefits. (R. 13) The ALJ agreed that Durham has been disabled since 1983, and therefore, she was "fully insured" for purposes of

---

1. *See* Doc. No. 13, p. 3; Doc. No. 14, p. 3.

2. Durham had filed two prior applications for disability insurance benefits, both of which were denied in earlier proceedings before the Social Security Administration. Although

Durham was found to be disabled, the Commissioner found she did not meet the disability insured status requirements of the Social Security Act for entitlement to benefits because she lacked the requisite quarters of coverage. (*See* R. 13–14, 97, 147–48)

entitlement to disability insurance benefits. (R. 14) However, as explained by the ALJ, Durham failed to meet a second requirement for entitlement to disability insurance benefits. The Social Security Act, and the applicable regulations, provide a claimant is entitled to receive benefits *"only* if she had not less than 20 quarters of coverage during the 40 quarter time frame ending with the quarter in which she alleges her disability commenced." (R. 14, citing 42 U.S.C. § 423(c)(1), and 20 CFR §§ 404.130 & 404.131) (emphasis by the ALJ). Durham's earnings record establishes that she only had 14 quarters of coverage from 1973 to 1983. (R. 14, 68)

Under 42 U.S.C. § 414, which governs eligibility for Social Security retirement insurance benefits, a "period of disability" is not counted when calculating the quarters of coverage required for retirement insurance benefits. The term "period of disability," as used in section 414, is defined by reference to 42 U.S.C. § 416(i). In section 416(i)(2)(A), the term "period of disability" is defined simply as a continuous period during which an individual is under a disability.

Because Durham was disabled beginning in 1983, it may seem as if the period after 1983 was a "period of disability" that would not count toward the quarters required for her to be eligible for retirement insurance benefits. This is the substance of Durham's argument here. The Commissioner, however, points out that more strict requirements for a "period of disability" are found elsewhere in 42 U.S.C. § 416(i), and in the regulations, 20 C.F.R. §§ 404.130 and 404.131. Specifically, 42 U.S.C. § 416(i)(2)(C)(i) provides that a period of disability begins "on the day the disability began, but only if the individual satisfies the requirements of paragraph (3) on such day." Paragraph (3) provides in subsection (B)(i) that a period of disability

can begin only in a quarter during which the individual has "not less than 20 quarters of coverage during the 40–quarter period which ends with such quarter."

Thus, the case boils down to the following issue: Was the time from 1983 to 1997 a "period of disability" for purposes of determining Durham's eligibility for retirement insurance benefits? It is evident from the facts in this case that Durham was "disabled" from 1983 to 1997, but it also is evident she did not have 20 quarters of coverage during the 40–quarter period that ended in the quarter in 1983 when she became disabled, which would be required for the period from and after 1983 to be considered a "period of disability" under the statutes and regulations.

The court can find no case authority that addresses a situation similar to the present one. In establishing the scheme for determining eligibility for retirement insurance benefits, Congress and the Commissioner seem to have intended that claimants may get credit for quarters during which they were prevented from working because of a disability. This makes sense. A claimant who has worked for some of the required 40 quarters,[3] but who has been prevented by a disability from working enough quarters to qualify for retirement insurance benefits, would seem to be deserving of the benefits. However, it appears Congress also intended that for a claimant to get credit for time during which the claimant is disabled, the claimant must satisfy *all* of the requirements of subsection 416(i) of title 42 (which are applicable to individuals applying for disability insurance benefits), including the requirement in subsection 416(i)(3)(B)(i) that the claimant be covered during at least 20 of the 40 quarters ending with the quarter in which the disability commenced.

---

**3.** A minimum of six quarters is required by 42    U.S.C. § 414(a)(1).

As noted previously, Congress has excluded from the determination of who is "fully insured" for purposes of retirement insurance benefits "any year any part of which was included in a period of disability (as defined in section 416(i) of this title)[.]" 42 U.S.C. § 414. It would have been more clear if Congress had excluded either "any year during any part of which the individual was not eligible for disability insurance benefits," or alternatively, "any year during any part of which the individual was disabled."

In the absence of such clarity, the court must apply the well-settled doctrine of statutory construction, frequently followed by the Eighth Circuit Court of Appeals, that accords "great deference to the interpretation given the statute by the officers or agency charged with its administration." *Blue Cross Ass'n v. Harris*, 622 F.2d 972, 978 (8th Cir.1980); *accord Creighton Omaha Reg. Health Care Corp. v. Bowen*, 822 F.2d 785, 789 (8th Cir.1987) (citing *Harris* for the proposition that "[a] reviewing court should not reject reasonable administrative interpretation even if another interpretation may also be reasonable."). *See also United States v. Nordic Village*, 503 U.S. 30, 35–36, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992) (The "settled rule" is that "a statute must, if possible, be construed in such fashion that every word has some operative effect."); *Estate of Wood v. Comm'r of Internal Revenue*, 909 F.2d 1155, 1163–64 (8th Cir.1990) (Lay, C.J., dissenting) ("Established principles of statutory construction require that statutes be interpreted to give effect to all the provisions. *See, e.g., Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 249, 105 S.Ct. 2587, 2594, 86 L.Ed.2d 168 (1985) (statute should be interpreted so as not to render one provision redundant); *Beef Nebraska, Inc. v. United States*, 807 F.2d 712, 717 (8th Cir.1986) (court should not adopt a reading of statute that renders one provisions redun-

dant.)"). *But cf. Oberstar v. F.D.I.C.*, 987 F.2d 494, 501 (8th Cir.1993) (citing *I.C.C. v. Am. Trucking Assn's, Inc.*, 467 U.S. 354, 363, 104 S.Ct. 2458, 2463, 81 L.Ed.2d 282 (1984), for proposition that "deference to an agency's reading of statutory language is unwarranted when the agency's interpretation is unsupported by a natural reading of the provisions").

Giving deference to the Commissioner's interpretation of the statute, the court finds Durham is not entitled to retirement insurance benefits because she lacks the requisite number of quarters of coverage.

## IV.  CONCLUSION

Accordingly, for the reasons discussed above, the Commissioner's decision is **affirmed**, and judgment will be entered in favor of the Commissioner and against Durham.

**IT IS SO ORDERED.**