# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3818

———————

Philip R. Lehnartz,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant,　　　　　　*
　　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　　*　District of Minnesota.
Jo Anne B. Barnhart, Commissioner　*
of Social Security,　　　　　　　　　*　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee.　　　　　　　*

———————

Submitted: June 20, 2005
Filed: July 27, 2005

———————

Before RILEY, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Philip R. Lehnartz appeals the district court's[1] order affirming the Commissioner's denial of disability and supplemental security income benefits. The issue is whether the administrative law judge properly weighed evidence from the treating psychiatrist. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

———————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jonathan G. Lebedoff, Chief United States Magistrate Judge for the District of Minnesota.

Lehnartz, born in 1950, has a sixth grade education. He worked as a house builder and, in a sheltered workshop, as a sewing machine operator. Lehnartz claims disability since May 1, 2000. A five-step process determines if he is disabled. *See generally* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

After a hearing, the ALJ determined that Lehnartz was severely impaired by several conditions, including an affective disorder of depression. At step three of the process, the ALJ ruled that he did not have a sufficiently severe impairment to meet the affective disorders listing. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. The ALJ found that Lehnartz did not retain the residual functional capacity (RFC) for his past relevant work, but could perform medium work with restrictions. Thus, he was not disabled and not entitled to benefits.

This court reviews de novo the district court's judgment upholding the denial of social security benefits, considering whether the ALJ's decision is supported by substantial evidence on the record as a whole. *See Stormo v. Barnhart*, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. *See id.* "We consider evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).

Lehnartz argues the ALJ ignored the social security regulation on the opinion of a treating psychiatrist. "A treating source's opinion is to be given controlling weight where it is supported by acceptable clinical and laboratory diagnostic techniques and where it is not inconsistent with other substantial evidence in the record." *Shontos v. Barnhart*, 328 F.3d 418, 426 (8th Cir. 2003), *paraphrasing* 20 C.F.R. § 404.1527(d)(2). When a treating source's opinion is not controlling, it is

weighed by the same factors as any other medical opinion: the examining relationship, the treatment relationship, supporting explanations, consistency, specialization, and other factors. *See* 20 C.F.R. § 404.1527(d).

Dr. Planavsky, a treating psychiatrist, monitored and interviewed Lehnartz in the 18 months before the hearing. In August 2001, Dr. Planavsky indicated Lehnartz had improved with his depression, was doing reasonably well but with an unstable mood, and was calm, organized, with a brighter affect and decreased suicidal ideation. In October 2001, Dr. Planavsky noted a stable mood with no suicidal ideation but some irritability and anger. In April 2002, Dr. Planavsky completed the "Medical Assessment of Ability to do Work-Related Activities (Mental)." On this work-related-activities form, he marked "fair" – meaning "Ability to function in this area is seriously limited, but not precluded" – on 14 abilities, which are separated into three categories of "making occupational adjustments," "making performance adjustments," and "making personal-social adjustments." One of the abilities – "understand, remember and carry out simple job instructions" – was marked "good." Within the "making personal-social adjustments" category, the work-related-activities form asks the physician to describe "any limitations and include the medical/clinical findings that support this assessment." Dr. Planavsky writes: "I doubt this pt. can manage or maintain competitive gainful employment."

"A medical source opinion that an applicant is 'disabled' or 'unable to work' . . . involves an issue reserved for the Commissioner and therefore is not the type of 'medical opinion' to which the Commissioner gives controlling weight." *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005), *citing Stormo*, 377 F.3d at 806. The ALJ properly declined to give controlling weight to Dr. Planavsky's conclusion that Lehnartz could not maintain competitive employment.

Lehnartz asserts that the ALJ disregarded other evidence from Dr. Planavsky (including the contents of the work-related-activities form). To the extent the ALJ

discounted those opinions, substantial evidence supports him. Dr. Planavsky did not document the underlying mental evaluation for his opinion (as requested on the work-related-activities form). Lehnartz counters that Dr. Planavsky's previous reports and notes fulfill the request, but the ALJ may consider the lack of a direct response to a specific inquiry.

Moreover, Dr. Planavsky's opinion was internally inconsistent: his "fair" rating on work-related activities – which means "not precluded" – cannot support his conclusion that competitive employment is precluded. In addition, some of Dr. Planavsky's previous descriptions conflict with this conclusion. The ALJ had a sufficient basis to give Dr. Planavsky's opinions less weight. *See* 20 C.F.R. § 404.1527(d)(2); 20 C.F.R. § 404.1527(d)(3), (d)(4); *Guilliams*, 393 F.3d at 803 ("Physician opinions that are internally inconsistent . . . are entitled to less deference than they would receive in the absence of inconsistencies.").

The ALJ must "give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d)(2). In this case, the ALJ could have written a more thorough and explicit application of the regulation. However, the ALJ did give enough reasons why "the undersigned is not inclined to afford controlling weight." The ALJ found that Dr. Planavsky gave only a "conclusory opinion" that Lehnartz "is disabled for competitive work," without a "documented full mental status evaluation." The ALJ further noted internal inconsistencies in Dr. Planavsky's opinion, and that he "did not preclude performance of work-like tasks in his assessment of claimant's mental residual functional capacity."

Lehnartz invokes *Shontos*, where this court reversed the step-three finding. *See Shontos*, 328 F.3d at 426-27. There, the ALJ improperly discounted the consistent opinions of the claimant's mental-health providers – a treating psychologist, and a therapist and nurse-practitioner – that Shontos's ability to perform many work-related

mental functions was "poor or none." *Id.* at 421-22, 426-27. The therapist saw her 49 times over 15 months, providing a longitudinal picture of her impairment. *Id.* at 426. This court held that the ALJ's conclusion "that these source's opinions were inconsistent with the record, and therefore should not be afforded controlling or great weight, is not borne out by the record." *Id.* In discounting the opinions, the ALJ improperly drew inferences from medical reports. *Id.* at 427, *citing Lund v. Weinberger*, 520 F.2d 782, 785 (8th Cir. 1975).

*Shontos* is readily distinguished from this case. The record here supports the ALJ's weighing of the evidence. True, Dr. Planavsky was a treating physician, but he saw Lehnartz only about four times a year, often for medication checks. Further, Dr. Planavsky gave Lehnartz *none* of the "poor or none" ratings (meaning "no useful ability to function in this area") on the work-related-activities form – apparently the same one used in *Shontos*, where there were many "poor or none" ratings.

Lehnartz asserts that the numerous "fair" marks on the form prove that his functioning is severely limited, so he meets the step-three affective disorders listing. *See* 20 C.F.R. Pt. 404, Supt. P, App. 1, § 12.04. For the listing, Lehnartz's impairment must result in two of the following: 1) marked restriction of activities of daily living; 2) marked difficulties in maintaining social functioning; 3) marked difficulties in maintaining concentration, persistence, or pace; and 4) repeated episodes of decompensation, each of extended duration. *See* 20 C.F.R. Pt. 404, Supt. P, App. 1, § 12.04(B). The ALJ found that Lehnartz had only "moderate," not "marked," impairment for the first three criteria, with a single episode of decompensation. (Lehnartz does not identify the two specific criteria in which Dr. Planavsky's opinions compel a "marked" finding.)

> The Commissioner defines a "marked" degree of limitation as
> more than moderate but less than extreme. A marked limitation may
> arise when several activities or functions are impaired, or even when

only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C). "Fair," as used in the work-related-activities form, means: "Ability to function in this area is seriously limited, but not precluded." True, numerous "fairs" on the work-related-activities form may indicate a "marked" impairment. But even given great weight, Dr. Planavsky's opinion does not compel that conclusion as to any section 12.04(B) criterion.

This court concludes that the ALJ's step-three findings are supported by substantial evidence on the record as a whole. This includes medical opinions from: Dr. Planavsky; other mental-health specialists, and a doctor who examined his physical health in 2000; a psychiatrist who examined him in March 2001; a doctor who examined him before an operation in December 2001; and non-examining physicians with Disability Determination Services (DDS), who completed a psychiatric review technique form and a mental residual functional capacity assessment in February 2001. Where appropriate, the ALJ considered information such as Lehnartz's testimony, his "Activities of Daily Living" questionnaire, and employment, probation, and halfway house reports.

Likewise, the evidence supports the RFC findings. RFC is based on all relevant medical and other evidence. *See* 20 C.F.R. § 404.1545(a)(3); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Lehnartz objects that the ALJ adopted non-treating DDS physicians' opinions concerning his RFC. A non-treating physician's assessment does not alone constitute substantial evidence if it conflicts with the assessment of a treating physician. *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). However, the DDS physicians' opinions do not stand alone in this case, as the ALJ weighed Dr. Planavsky's assessments of Lehnartz's ability to perform work-related activities.

Finally, Lehnartz contends the ALJ erred by not calling a medical expert to testify as to the severity of his mental impairments. *See Nevland v. Apfel*, 204 F.3d 853, 857-58 (8th Cir. 2000); *Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir. 1994) ("The ALJ has a duty to develop the facts fully and fairly . . . ."); *Pratt v. Sullivan*, 956 F.2d 830, 834 (8th Cir. 1992) (ALJ may not substitute "own unsubstantiated conclusion" for the express diagnoses of examining physicians). An ALJ is required to obtain additional medical evidence if existing evidence is insufficient to determine disability. *See Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994); 20 C.F.R. § 404.1527(c)(3). "But an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber*, 22 F.3d at 189 (8th Cir. 1994); *see also Miles v. Barnhart*, 374 F.3d 694, 700 (8th Cir. 2004) ("some medical evidence must support the determination of the claimant's RFC"). Because there is adequate medical evidence in the record, the ALJ had no duty to obtain additional evidence.

The Commissioner's determination is supported by substantial evidence on the record as a whole. The judgment of the district court is affirmed.

_____