**Joseph FLEMING, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

**No. 06–16411.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2008.*

Filed April 21, 2008.

Fed. R.App. P. 34(a)(2).

Andrew T. Koenig, Esq., Attorney at Law, Ventura, CA, for Plaintiff–Appellant.

Bobbie J. Montoya, Esq., Office of the U.S. Attorney, Sacramento, CA, Sharon Sands, Esq., Deborah Lee Stachel, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: THOMAS and TROTT, Circuit Judges, and HOGAN,** District Judge.

## MEMORANDUM***

1. The Administrative Law Judge (ALJ) did not err with respect to Social Security Ruling (SSR) 99–2p in evaluating appellant's chronic fatigue syndrome.

    a. The ALJ was not required to obtain additional treating physician evidence to properly determine appellant's residual functional capacity. *See* SSR 99–2p (ALJ should recontact treating source if he determines the evidence is inadequate to determine disability). The magistrate judge correctly determined that the ALJ found the evidence adequate to reach a concrete determination. *See Naber v. Shalala,* 22 F.3d 186, 189 (8th Cir.1994) ("an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision.").

    b. The ALJ appropriately discredited appellant's testimony regarding functional limitations. The magistrate judge correctly found that the ALJ provided clear and convincing reasons, based on substantial evidence, for questioning appellant's credibility. The ALJ cited lack of significant signs of fatigue associated weakness, inconsistences regarding complaints of discomfort when undergoing an abdominal exam, and the ability to engage in daily activities such as gardening for up to four hours and riding a bicycle for up to one hour. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004) (noting that inconsistency during examination, among other reasons, is an appropriate basis for discrediting testimony). The ALJ did not violate SSR 99–2p in failing to specifically discuss appellant's

** The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited except as provided by 9th Cir. R. 36–3.

diary because the ALJ considered "pertinent non-medical evidence." Moreover, appellant's diary, while providing documentation of symptoms, is not specific regarding impact on functioning. *See* SSR 99–2p (consideration of the individual's own record, such as a diary, of his impairments' impact on functioning over time should be made in assessing credibility).

c. The ALJ did not violate SSR 99–2p with respect to third party statements. The magistrate judge appropriately determined that the third party statements offered by appellant are not relevant to appellant's functional abilities because they reflect little knowledge of appellant's physical situation and offer observations only every few months. *See* SSR 99–2p (third party information helps to assess an individual's ability to function on a day-to-day basis and to depict the individual's capacities over a period of time).

2. The ALJ did not improperly evaluate appellant's ability to perform past relevant work. Appellant listed past relevant work including "deli clerk" which he described as slicing meat products and customer service. The ALJ appropriately relied on the Dictionary of Occupational Titles (DOT), No.316.684–014 (deli cutter/slicer) to determine that appellant could perform this past relevant work as it is generally performed in the national economy. *See* 20 C.F.R. § 404.1560 (use of DOT as a resource to determine past relevant work *either* as the claimant actually performed it *or* as generally performed in the national economy).

**AFFIRMED.**