# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2231

_____

| | | |
|---|---|---|
| Kevin W. Rodewald, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Michael J. Astrue, | * | |
| Commissioner of Social Security, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: February 23, 2012
Filed: February 28, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Kevin W. Rodewald appeals the district court's[1] order affirming the denial of disability insurance benefits.  Upon de novo review, see Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011), we agree with the district court that substantial evidence on the record as a whole supports the administrative law judge's (ALJ's) decision.  We

_____

[1]The Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

disagree with Rodewald's contention that the ALJ was required to call a psychological expert to testify at the 2009 hearing. He fails to recognize that following remand by the district court, the ALJ arranged for psychologist Daniel Kessler to review the records relevant to psychiatric problems and to respond to interrogatories, and we find that having Dr. Kessler answer interrogatories, as opposed to testifying at the hearing, does not call for reversal. Cf. Naber v. Shalala, 22 F.3d 186, 189 (8th Cir. 1994) (ALJ did not err by failing to call medical expert to testify, as ALJ's findings on claimant's alcoholism, alcohol-related depression, and spinal problems had sufficient evidentiary basis without such testimony). We also find that the ALJ's adverse credibility determination is entitled to deference, see McCoy v. Astrue, 648 F.3d 605, 614 (8th Cir. 2011) (if ALJ explicitly discredit's claimant and gives good reasons for doing so, this court normally defers to ALJ's credibility determination); that the ALJ considered and discussed the 100% disability rating of the Department of Veterans Affairs in the manner required by our case law, see Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir. 1998); and that the allegations of bias are unfounded.[2] The district court is affirmed.

————————————————

---

[2]We decline to consider the other matters Rodewald raises for the first time on appeal. See Flynn v. Chater, 107 F.3d 617, 620 (8th Cir. 1997).